# STATE OF MICHIGAN

# COURT OF APPEALS

VENKATA KRISHNA NALLABALLI,

        Plaintiff/Counter-Defendant-
        Appellant,

v

ESWARI ACHANTA,

        Defendant/Counter-Plaintiff-
        Appellee,

and

GMGT TECHNOLOGIES, INC.,

        Defendant-Appellee.

UNPUBLISHED
January 26, 2016

No. 322021
Washtenaw Circuit Court
LC No. 13-001104-CK

---

SUNEETHA NALLABALLI,

        Plaintiff-Appellant,

v

ESWARI ACHANTA and GMGT
TECHNOLOGIES, INC.,

        Defendants-Appellees,

No. 325704
Washtenaw Circuit Court
LC No. 14-000663-CK

---

Before: SHAPIRO, P.J., and O'CONNELL and WILDER, JJ.

O'CONNELL, J. (*concurring in part and dissenting in part*).

     I concur with the majority opinion that these causes of action are not barred by the doctrine of res judicata. I also concur with the majority opinion that the amended agreement contains an illegal provision that purports to transfer shares of stock to Venkata, an individual who does not possess a green card. As such, the illegal provisions in the amended agreement are

-1-

void as against public policy, and I would vacate the trial court's decision in these cases and remand both cases for further proceedings consistent with this opinion.

I first note that neither Achanta nor Suneetha can transfer shares of stock in GMGT to Venkata, an individual who does not possess a green card. At the time the amended agreement was executed, Venkata only possessed an H-1B visa and as such could not hold stock in a U. S. corporation. As the majority opinion aptly concludes, any such purported transfer is against federal law and therefore illegal. See 26 USC 1361(b)(a)(C) (it is contrary to federal law for an S Corporation to have a nonresident alien as a shareholder). The ramification of the illegal transfer is that the purported stock transfer is void as against public policy. See *Epps v 4 Quarters Restoration, LLC*, 498 Mich 518, ___; ___ NW2d ___ (2015) (illegal contracts may be void or voidable); *Rembert v Ryan's Family Steak Houses, Inc*, 235 Mich App 118, 170; 596 NW2d 208 (1999) ("A contract that is contrary to public policy is illegal and void.").

Since the amended agreement contains a severability clause, the illegal provisions of the amended agreement must be severed and the balance of the contract is enforceable. Suneetha's shares remained her own and she has standing to seek to enforce her rights as a shareholder under that contract.

On remand, I would direct the trial court to strike the illegal provisions from the amended agreement. Attempting to enforce illegal provisions in the amended agreement by redefining them as a condition precedent is untenable. While it may provide a legal solution as applied to Venkata's rights under the amended contract, as applied to Achanta, Suneetha, and GMGT, it is unworkable and violates federal law. The courts of this state cannot enforce illegal provisions contained in contracts.

The trial court's decision does not address the ramifications of the illegal provisions contained in the amended agreement. While this Court may address purely legal questions on appeal, we should not do so when it would require us to construct and evaluate our own arguments. *Candelaria v BC Gen Contractors, Inc*, 236 Mich App 67, 83; 600 NW2d 348 (1999). I would direct that the trial court make these determinations in the first instance. Accordingly, I would vacate the trial court's decisions in these matters and remand for further proceedings consistent with this opinion.

/s/ Peter D. O'Connell